UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Moti Ngwa,

    Plaintiff,

v.

Minnesota Dept of Human Services,

    Defendant.

Civ. No. 18-2969 (WMW/BRT)

**REPORT AND RECOMMENDATION**

Christopher Moti Ngwa, *pro se* Plaintiff.

Julianna F. Passe, Esq., Minnesota Attorney General's Office, counsel for Defendant.

BECKY THORSON, United States Magistrate Judge.

## INTRODUCTION

Plaintiff Christopher Moti Ngwa has filed a case against the Minnesota Department of Human Services for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., for failure to accommodate his disability, failure to promote, and termination of his employment. (Doc. No. 1, Compl.) This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 15), for failure to state a claim, insufficient service of process, res judicata, and for failure to exhaust administrative remedies. (*See* Doc. No. 18, Mem. in Supp. of Def. Minn. Dept. of Human Serv.'s Mot. to Dismiss 1.) The motion has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. (Doc. No. 14.) On September 13, 2019, this Court held a hearing on the matter. (*See* Doc. No. 24.) For the reasons stated below, this Court

recommends that Defendant's motion be granted.

## BACKGROUND

### I. ALLEGED FACTS

Plaintiff began working for the Minnesota Department of Human Services ("DHS") on December 17, 2014. (Compl. ¶ 10.) He alleges that within the first three months of his employment, he began having eye problems, and in April 2015 he was diagnosed with "glaucoma and serious eye defects because of working all day on the computer." (*Id.* ¶¶ 11–12.)

All employees in Plaintiff's position were initially required to process a minimum of twenty applications per day, but according to Plaintiff he was only able to process between twelve and fifteen applications per day because of his eye problems. (*Id.* ¶ 11.) Plaintiff alleges that his eye doctor noted that he should "be assigned to other work duties," and that he requested an accommodation. (*Id.* ¶¶ 14–15.) Plaintiff alleges that human resources agreed that they would look for another suitable position for him, and in the meantime, DHS agreed to allow Plaintiff to have a five-minute break every hour to rest his eyes. (*Id.* ¶ 16.) After allowing for the five-minute rest breaks, Plaintiff's productivity increased to processing between eighteen and twenty applications per day; however, at that time, the unit-wide quota had been increased to twenty-five applications per day. (*Id.* ¶¶ 17–18.) On August 21, 2015, DHS offered Plaintiff a part-time position doing different tasks, but Plaintiff declined that position because it was not full-time. (*Id.* ¶¶ 18, 20.)

On August 24, 2015, Plaintiff's supervisor increased the unit's quota to thirty applications per day, which Plaintiff asserts was contested by the workers in the unit and was never adopted. (*Id.* ¶ 22.) Then, on September 9, 2015, DHS terminated Plaintiff's employment, stating that Plaintiff "failed to perform satisfactory and multi-task the other duties" at work. (*Id.* ¶ 23.) Plaintiff contests this, asserting that his performance improved over time and that he had very few errors in the applications that he processed. (*Id.*)

## II. PROCEDURAL BACKGROUND

Plaintiff filed a charge of discrimination with the Minnesota Department of Human Rights ("MDHR") on September 30, 2015, alleging disability discrimination and reprisal against the Minnesota Department of Human Services. (Doc. No. 1, Compl., Attach. 1.) The MDHR charge was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.*) The MDHR issued a no probable cause determination, and, on appeal, affirmed that determination. (*Id.*; *see also* Passe Aff., Ex. 1, MDHR Affirmance.)[1]

Plaintiff then drafted a state court complaint against DHS alleging disability discrimination and failure to accommodate (dated September 14, 2017), obtained a summons, and served the summons and complaint on Assistant Attorney General Jacob

---

[1] Documents that are "necessarily embraced by the complaint," such as the MDHR's affirmance of its no probable cause determination, are not considered matters outside the pleading for purposes of a motion to dismiss. *See Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003)).

3

Campion.[2] (Passe Aff., Ex. 2, 9/14/17 Summons and Compl.)[3] Plaintiff did not file his complaint in state court. On October 4, 2017, Defendant answered the state court complaint. (Doc. No. 28, Aff. of Julianna F. Passe ¶ 3, Ex. A.)

On July 23, 2018, the EEOC adopted the MDHR's no probable cause finding and issued a right to sue letter. (Doc. No. 1, Compl., Attach. 1.)

Plaintiff filed the present lawsuit against DHS on October 19, 2018, alleging disability discrimination and failure to accommodate and seeking reinstatement in his employment, lost wages, and other monetary damages. (*See generally* Compl.) DHS moves to dismiss Plaintiff's Complaint based on res judicata, insufficient service of process, failure to state a claim, and failure to exhaust administrative remedies. (Doc. Nos. 15, 18.)

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with

---

[2]   Assistant Attorney General Campion's initials and the date when he accepted service are reflected on the bottom right-hand corner of the summons received by DHS. (Passe Aff., Ex. 2, 9/14/17 Summons and Compl.)

[3]   The state court summons and complaint are public documents that can be considered on a motion to dismiss. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700

(Footnote Continued on Next Page)

enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. In applying this standard, the Court must assume the facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the plaintiff. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012). But the Court need not give effect to those allegations that simply assert legal conclusions. *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II.   RES JUDICATA

A motion to dismiss based on principles of res judicata is properly brought under Federal Rule of Civil Procedure 12(b)(6). *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012). The doctrine of res judicata prevents relitigation of claims that were raised or could have been raised in a prior suit. *Banks v. Int'l Union Elec.*, 390 F.3d 1049, 1052 (8th Cir. 2004). "Adherence to the doctrine of res judicata saves judicial energy, prevents harassment of the defendant, and promotes expeditious resolution of controversies." *Lundberg v. Burlington N. Santa Fe Ry. Co.*, No. Civ. 03-6350 (JRT/FLN), 2006 WL 763203, at *4 (D. Minn. Mar. 24, 2006). "The law of the

---

(Footnote Continued from Previous Page)

(8th Cir. 2003).

forum that rendered the first judgment controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (citing 28 U.S.C. § 1738). Here, the first judgment was entered through operation of Minn. R. Civ. P. 5.04; therefore, Minnesota state law applies. Plaintiff does not contest that Minnesota law applies.

"Under Minnesota law[,] res judicata bars a subsequent claim[] where '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'" *Id.* (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)). Under Minnesota law, res judicata is "limited to a claim that existed at the time the first complaint was served." *Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 240 (Minn. 2007). And, "[a] judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies . . . ." *U.S. West Financial Servs., Inc. v. Buhler, Inc.*, 150 F.3d 929, 932 (8th Cir. 1998) (alterations in original) (quoting *Dorso Trailer Sales, Inc. v. Am. Body & Trailer*, 482 N.W.2d 771, 774 (Minn. 1992)).

Minnesota Rule of Civil Procedure 3.01 provides that a civil action is commenced in state court upon service of a summons on a defendant. Plaintiff does not contest that Defendant was served with the state court summons and complaint in September 2017; therefore, the state court action was commenced against Defendant. Plaintiff's state complaint raised the same claims as those being raised in his Complaint here, the claims

6

asserted in both complaints arise out of the same set of facts, and both complaints involve the same parties (both name the Minnesota Department of Human Services as the sole defendant). Therefore, the first two elements for res judicata to apply are met.

The third element is met as well. In Minnesota, a complaint must be filed with the court within one year after commencement. Minn. R. Civ. P. 5.04(a). If a served complaint is not filed in state court within that one year, the action "is deemed dismissed with prejudice against all parties unless the parties within that year sign a stipulation to extend the filing period." *Id.* "[A] dismissal with prejudice, even if based on nonsubstantive grounds, is an adjudication on the merits and can form a basis for res judicata." *Zutz v. Nelson*, Civ. No. 08-958 (JNE/RLE), 2008 WL 11463465, at *5 (D. Minn. Dec. 1, 2008) (quoting *Nielsen v. Eller Media Co.*, No. A07-296, 2008 WL 1747893, at *3 (Minn. Ct. App. Apr. 15, 2008)); *see also Butkovich v. O'Leary*, 225 N.W.2d 847, 848 (Minn. 1975) (stating that a dismissal with prejudice and on the merits is a "final determination and is equivalent to an adjudication on the merits").

With regard to the fourth element, "[t]he question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (quotations omitted). Here, there were no procedural limitations in the prior proceeding that hindered Plaintiff's opportunity to litigate his case, there is no indication that

7

Plaintiff did not have the incentive to litigate the matter fully, and the litigation was not limited by the nature of the relationship between Plaintiff and the Minnesota Department of Human Resources. Based on Plaintiff's comments at the hearing before the undersigned, it appears that Plaintiff decided not to file his state court complaint in Hennepin County because he was alerted that proper jurisdiction over the case might be in another county. (*See* Doc. No. 25.) It also appears that, rather than filing in another county, Plaintiff decided to wait to more fully pursue his claims until after he received the right to sue letter from the EEOC. The fact remains, however, that Plaintiff commenced a lawsuit in state court against Defendant through service. The fact that Plaintiff had not yet received a right to sue letter does not mean that Plaintiff did not have a full and fair opportunity to litigate the matter in state court. *See, e.g.*, *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 315–16 (5th Cir. 2004) (citing cases where res judicata applied to bar claims that rose from the same nucleus of operative fact as previously brought claim, even though the plaintiff had not yet received a right to sue letter). For example, he could have requested a stay from the state court until he received the letter, or he could have requested a right to sue letter from the EEOC. *See* 29 C.F.R. § 1601.28(a)(1). If Plaintiff was unsure on whether he had the correct county for jurisdictional purposes, he could have made a request to transfer the case to another county. Neither of the reasons provided for the delay in filing the state complaint show that Plaintiff did not have a full and fair opportunity to litigate the matter in state court.

Because all the elements for res judicata are present, Plaintiff's claims in federal court are barred and should be dismissed. For this reason, Defendant's motion to dismiss Plaintiff's Amended Complaint should be granted.[4]

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant Motion to Dismiss (Doc. No. 15) is **GRANTED**; and

2. This case be dismissed with prejudice.

Date:  January 10, 2020

<i>s/ Becky R. Thorson</i><br>
BECKY R. THORSON<br>
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within fourteen

---

[4] Because this Court concludes that res judicata applies and this case should be dismissed for that reason, the Court need not address the additional reasons raised by Defendant for dismissal. The Court notes, however, that Plaintiff checked boxes for race and color discrimination in addition to disability discrimination in his Complaint filed with this Court. Plaintiff's Complaint does not contain any allegations supporting a race or color discrimination claim. And even if he would have made such allegations, his claims would be precluded for failure to exhaust administrative remedies because his charge filed with the MDHR did not mention race or color discrimination and instead pertained exclusively to disability related claims. (*See* Doc. No. 1, Compl., Attach. 1 at 2 of 10); *see Brooks v. Midwest Heart Group*, 655 F.3d 796, 801 (8th Cir. 2011) (affirming dismissal because plaintiff did not exhaust remedies through the EEOC).

(14) days after being served a copy" of the Report and Recommendation. A party may respond to those objections within fourteen (14) days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.