UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Moti Ngwa,           Case No. 18-cv-2969 (WMW/BRT)

Plaintiff,

**ORDER ADOPTING REPORT AND RECOMMENDATION**

v.

Minnesota Dept of Human Services,

Defendant.

This matter is before the Court on the January 10, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 31.) The R&R recommends granting Defendant Minnesota Department of Human Services' (DHS) motion to dismiss Plaintiff Christopher Moti Ngwa's complaint. Ngwa filed timely objections to the R&R, and DHS responded. For the reasons addressed below, the Court adopts the R&R and grants DHS's motion to dismiss.

## BACKGROUND

As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. Ngwa served on DHS a Minnesota state court complaint dated September 11, 2017, alleging disability discrimination and failure to accommodate. The summons and complaint were served on Assistant Attorney General Jacob Campion. In the state court complaint, Ngwa sought reinstatement of employment, compensation for lost wages, and other monetary damages. Although the

summons and complaint were served on DHS, Ngwa never filed the complaint in state court. On October 4, 2017, DHS answered the state court complaint.

Ngwa subsequently commenced this lawsuit against DHS on October 19, 2018, alleging wrongful termination based on his disability, failure to promote, and failure to accommodate. In the present lawsuit, Ngwa seeks reinstatement of employment, lost wages, and other monetary damages. Ngwa's complaint in the present case is materially identical to his complaint in the state court action against DHS. DHS moves to dismiss the present suit, arguing that Ngwa's claims are barred by res judicata, failure to state a claim, insufficient service of process, and failure to exhaust administrative remedies. The R&R recommends dismissing this case with prejudice. Ngwa filed timely objections and DHS replied.

## ANALYSIS

A district court reviews de novo any portion of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court construes Ngwa's objections liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Being a *pro se* litigant, however, does not absolve Ngwa from mistakes arising from his failure to comply with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993)

("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Ngwa objects to the recommendation to dismiss this case as barred by res judicata. The doctrine of res judicata prevents re-litigation of claims that were raised or could have been raised in a prior suit. *Banks v. Int'l Union Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (per curiam). "The law of the forum that rendered the first judgement controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (citing 28 U.S.C. § 1738). Here the first judgment was entered through operation of Minnesota Rule of Civil Procedure 5.04; therefore, Minnesota state law applies.

Subsequent claims are barred under Minnesota law when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *Id*. (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)). Minnesota Rule of Civil Procedure 3.01(a) provides that a civil action is commenced in state court upon service of a summons on a defendant. Minn. R. Civ. P. 3.01(a). The complaint must be filed with the court within one year after commencement. *Id*. at 5.04(a). If a complaint is not filed in state court within that one year, the action "is deemed dismissed with prejudice against all parties." *Id*. Under Minnesota law, a "dismissal with prejudice, even if based on

nonsubstantive grounds, is an adjudication on the merits and can form a basis for res judicata." *Zutz v. Nelson*, Civ. No. 08-958 (JNE/RLE), 2008 WL 11463465, at *5 (D. Minn. Dec. 1, 2008) (internal quotation marks omitted); *see also Butkovich v. O'Leary*, 225 N.W.2d 847, 848 (Minn. 1975) (stating that a dismissal with prejudice and on the merits is a "final determination and is equivalent to an adjudication on the merits").

Ngwa argues that res judicata is not applicable because the fourth element, whether the party had a full and fair opportunity to litigate the matter, is not met. Whether a party had a full and fair opportunity to litigate a matter hinges on "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (internal quotation marks omitted). In support of his objections, Ngwa advances four arguments. The Court addresses them in turn.

First, Ngwa argues that he did not have a full opportunity to litigate the initial suit because the Hennepin County court "did not seek input from Ngwa that his case could be transferred to the Ramsey County court." Ngwa does not contest that DHS was served with the state court summons and complaint. Thus, the state court action was commenced against DHS. Minn. R. Civ. P. 3.01(a). Regardless of whether the Hennepin County court sought Ngwa's input, Ngwa did not file the complaint with *any* state court as required by Minnesota Rule of Civil Procedure 5.04(a). For these reasons, the Court overrules Ngwa's objection on this ground.

Second, Ngwa proclaims, without any support, that "there were significant procedural limitations in the prior proceeding." Ngwa identifies no facts demonstrating the procedural limitations he faced to support his contention. For these reasons, the Court overrules Ngwa's objection on this ground.

Third, Ngwa argues that he did not have a full opportunity to litigate the matter because he is a *pro se* litigant, who "did not retain an Attorney to educate him about the many procedural steps necessary to file his case(s) in the proper court(s)," and because he is a "non-legal individual with limited or no resources to hire a legal expert." Being a *pro se* litigant, however, is not a procedural limitation. *See McNeil* 508 U.S. at 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The Court overrules Ngwa's objection on this ground.

Fourth, Ngwa argues that he chose not to continue the state court litigation because he received a right to sue letter from the Equal Employment Opportunity Commission (EEOC) in July 2018. The right to sue letter, however, specifically states that Ngwa's "lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction . . . . Filing this Notice is not enough. You must *file* a 'complaint'. . . ." (Emphasis added.) Ngwa's failure to file his action in any state court within the one-year timeframe as is required by Minnesota Rule of Civil Procedure 5.04(a) is not excusable. *See McNeil*, 508 U.S. at 113. Accordingly, the Court overrules Ngwa's objection on this

5

ground.  For all the reasons identified above, Ngwa's objections to the R&R are overruled.

As Ngwa does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Christopher Moti Ngwa's objections, (Dkt. 32), to the January 10, 2020 R&R, (Dkt. 31), are **OVERRULED**.

2. The January 10, 2020 R&R, (Dkt. 31), is **ADOPTED**.

3. Defendant Minnesota Dept of Human Services' motion to dismiss, (Dkt. 15), is **GRANTED**.

4. This matter is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 5, 2020

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge